IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GERALD HOLMES | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-6831 |
| | : | |
| CORRECTIONAL OFFICER | : | |
| GEIDER, et. al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                                           **August 10, 2011**

Plaintiff James Gerald Holmes, an African-American inmate at the Chester County Prison (CCP), brings this action pursuant to 42 U.S.C. § 1983, alleging Defendants Correctional Officer Geider, Correctional Officer Hitchcock, Correctional Officer Ramsay, Sergeant Moeller, Lieutenant Benethum, and Warden McFadden committed various race-related constitutional violations. Defendants ask this Court to deny Holmes's pending motion for a preliminary injunction and to dismiss Holmes's Complaint for failure to state a claim. Because Holmes has failed to allege Defendants deprived him of a constitutional right, his Complaint will be dismissed.

**FACTS**[1]

Holmes's Complaint is based on two incidents which allegedly occurred in November 2010. First, on November 8, 2010, Holmes was informed he would be moved to a new cell to accommodate a white inmate who, like Holmes, was entitled to occupy a bottom bunk. When Holmes asked Correctional Officers Hitchcock and Geider why he had to move to a new cell while

---

[1] This Court accepts Holmes's factual allegations as true for the purpose of deciding whether his Complaint states a claim upon which relief may be granted. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). For the purposes of this opinion, this Court shall consider the additional facts included in Holmes's preliminary injunction motion.

the other inmate, who had recently been transferred to the cell, was allowed to stay, Hitchcock responded by saying that Holmes was the "smart type," and that he didn't like "[Holmes's] type at all." Compl. 3. Hitchcock also directed Holmes to "just move when the time came." *Id.* Holmes requested to speak to Sergeant Moeller, who listened to Holmes's account of the situation, but told him the move had already been approved.

When Geider asked Holmes if he was ready to leave his cell, Holmes replied, "[N]o, not yet." *Id.* Holmes alleges that "both" Hitchcock and Geider made a "racial statement" in response to his comment, saying, "[C]ome Rosa Parks, I thought you were dead." *Id.* Holmes immediately requested a slip to report a grievance, but claims he did not receive one even though he been given such slips in the past to report other incidents. Holmes spoke to Moeller about the statements Hitchcock and Geider made, which Moeller allegedly found amusing. Holmes then requested to move to a different cellblock, but his request was denied.

The second incident occurred on November 12, 2010, after Holmes asked Correctional Officer Ramsay to move him from his new cell because several inmates were "making racial slurs and talking about lynching black inmates." *Id.* at 3-4. Holmes felt these statements created an unsafe environment for him because he believed he was one of the black inmates being discussed. Ramsay asked Holmes, "[W]hat are you scared boy[?]" *Id.* Holmes replied by asking Ramsay to call him by his name and again requesting to be moved due to the "racial tensions" in the cellblock. *Id.* Nothing was done in response to this request, despite Holmes's numerous complaints to Moeller, Lieutenant Benethum, and Warden McFadden.

On December 1, 2010, Holmes filed the instant Complaint *pro se*, alleging Defendants committed unspecified constitutional violations and stating he was "emotionally disturbed" by

Defendants' behavior.  As relief, he seeks the creation of a policy at CCP against racial discrimination by staff and inmates, changes to the CCP grievance procedure, and $200,000 in damages.[2]

On December 29, 2010, Defendants filed a motion to dismiss Holmes's Complaint.  On January 11, 2011, Holmes filed a response which added more detail to his allegations, including some excerpts from the CCP Inmate Handbook.

On February 7, 2011, Holmes filed a motion for a preliminary injunction, asking this Court to order Hitchcock and Geider to stay away from him because of their alleged acts of retaliation.[3]

**DISCUSSION**

When considering a motion to dismiss, courts must accept the plaintiff's factual allegations as true and draw all reasonable inferences in his favor.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  To survive a motion to dismiss, a complaint must contain "more than an unadorned, the defendant-unlawfully-

---

[2] Specifically, he seeks $75,000 for racial discrimination, $75,000 for subjecting him to an unsafe environment, $25,000 for leaving him in an unsafe environment, and $25,000 for emotional distress.

[3] Defendants correctly note that a preliminary injunction is an extraordinary remedy.  Defs.' Resp. in Opp'n to Pl.'s Mot. (citing *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).  The threshold for granting this remedy is high.  A preliminary injunction shall be granted only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest."  *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998)).  Because this Court finds dismissal of Holmes's Complaint is warranted, he has no likelihood of success on the merits, and therefore has failed to meet the high standard for a preliminary injunction.  To the extent Holmes wishes to file a claim for retaliation based on the new allegations contained in his motion for a preliminary injunction, he may do so in an amended complaint.

harmed-me accusation" such that the right to relief is more than speculative. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

When a plaintiff files a complaint *pro se*, the complaint must be liberally construed so "'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). Even a *pro se* complaint will be dismissed, however, if it does not "state a claim to relief that is plausible on its face." *Brown v. DiGuglielmo*, No. 09-3494, 2011 WL 944418, at *3 (3d Cir. Mar. 24, 2011) (internal quotation marks and citations omitted).

"To state a claim under § 1983, a plaintiff (1) must allege the violation of a right secured by the Constitution and laws of the United States, and (2) must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because the Defendants do not contest that they were acting under color of state law, this Court need only consider whether Holmes has sufficiently alleged that his constitutional rights were violated. Liberally construing Holmes's Complaint, Holmes alleges violations of his Fourteenth and Eighth Amendment rights, which this Court shall address in turn.

The Fourteenth Amendment's equal protection clause "prohibits states from intentionally discriminating between individuals on the basis of race." *Antonelli v. New Jersey,* 419 F.3d 267, 274 (3d Cir. 2005). To show an equal protection violation, "'[p]roof of racially discriminatory intent or purpose is required.'" *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.,* 538 U.S. 188, 194 (2003) (quoting *Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265 (1977)). To survive a motion to dismiss a discrimination claim, the plaintiff must include sufficient factual allegations in his complaint to "nudge[] his claims of invidious discrimination across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (internal quotation marks and citations omitted).

The discriminatory behavior Holmes alleges involves his transfer to another cell and remarks made by correctional officers during this transfer. However, Holmes makes no allegations to substantiate his claim that the decision to transfer him was made because of his race. Instead, Holmes merely alleges the transfer occurred because he is black, without offering any facts to support this conclusory allegation. Regarding the "Rosa Parks" reference Holmes alleges Hitchcock and Geider made while carrying out the transfer, such a remark is not actionable under § 1983.[4] Because there is no information in Holmes's Complaint to show Defendants acted with discriminatory intent in transferring him to another cell, Holmes's equal protection claim fails.[5]

Holmes's allegation that Defendants created an unsafe environment through their indifference to other inmates' threats is best construed as an Eighth Amendment claim. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In addition to ensuring that inmates "receive adequate food, clothing, shelter, and medical care, [prison officials] must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

---

[4] Verbal abuse alone is insufficient to constitute a civil rights violation. *See, e.g.*, *Aleem-X v. Westcott*, 347 F. App'x 731, 731 (3d Cir. 2009) ("Verbal abuse of a prisoner, even of the lewd variety alleged here, is not actionable under § 1983."); *Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3d Cir. 2008) (same); *Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); *Jones v. Repsch*, No. 06-4638, 2007 WL 509960, at *2 (E.D. Pa. Feb. 13, 2007) (noting that where prisoner plaintiff did not allege any physical injury or assault, "[i]t is well established that verbal harassment or threats of [this] sort[] will not, without some reinforcing act accompanying them, state a constitutional claim").

[5] Because Holmes has not alleged any harm resulted from Defendants' actions, except for his emotional distress, he also does not have a claim under the state-created danger theory. *See Carey v. City of Wilkes-Barre*, 410 F. App'x 479, 483 (3d Cir. 2011) (holding that emotional distress "is not a cognizable harm" for stating a claim under the state-created danger doctrine).

This includes protecting inmates from violence or harm from other inmates, although this protection is not absolute. *Farmer*, 511 U.S. at 833-34.  Generally, to state an Eighth Amendment claim, (1) an inmate must allege a "sufficiently serious" deprivation, and (2) the prison official must have a "sufficiently culpable state of mind." *Id.* at 834.  Where an incarcerated plaintiff alleges a prison official failed to prevent harm to him, the prisoner must show both that the conditions of confinement posed a substantial risk of serious harm and that prison officials were deliberately indifferent to the inmate's safety. *Id.*  Deliberate indifference is more than an ordinary lack of due care; instead, a prison official must have knowledge of the risk of harm. *Id.* at 835-44.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  A prison official must be aware of a "'pervasive risk of harm'" from other prisoners, shown by more than "'a single incident or isolated incidents.'" *Day v. Fed. Bureau of Prisons*, 233 F. App'x 132, 134 (3d Cir. 2007) (quoting *Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985)).

Holmes's Complaint fails to meet either requirement for an Eighth Amendment claim.  His allegations do not show his confinement posed a substantial risk of serious harm because he cites only a single incident in which unnamed inmates made statements about "lynching black inmates," but does not give any details which would make it plausible that such statements created a "pervasive" risk of harm.  He does not, for instance, cite any instances in which a black inmate was actually harmed at CCP because of his race.  Moreover, Holmes has not provided any allegations to show that the Defendants knew of the risk of harm, and disregarded that risk by failing to take reasonable measures to lessen it.  Thus, Holmes's Eighth Amendment claim fails.

Because Holmes has not adequately alleged a deprivation of a constitutionally protected right as required to state a claim under § 1983, this case shall be dismissed.  However, when a complaint fails to state a claim, a plaintiff shall be allowed to amend it, "unless amendment would be inequitable or futile."  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  Holmes shall thus have 30 days in which to amend his Complaint to sufficiently allege a constitutional violation.

An appropriate order follows.

BY THE COURT:


\s\ Juan R. Sánchez
Juan R. Sánchez, J.